After a jury-waived trial, the defendant was convicted of burning a motor vehicle in violation of G. L. c. 266, § 5.[2] On appeal, with a brief submitted pursuant to Commonwealth v. Moffett, 383 Mass. 201 (1981), he claims there was insufficient evidence to support his conviction. We affirm.
In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth with specific reference to the substantive elements of the offense. See Jackson v. Virginia, 443 U.S. 307, 324 & n.16 (1979) ; Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). To sustain a conviction of violating G. L. c. 266, § 5, the Commonwealth must prove the following elements: (1) the defendant set fire to or burned the car, or caused it to be burned; (2) the car was personal property of another with a value exceeding twenty-five dollars and/or a motor vehicle; (3) the defendant acted wilfully; and (4) he acted maliciously. See Commonwealth v. Balboni, 89 Mass. App. Ct. 651, 662 (2016).
"[C]ircumstantial evidence is competent to establish guilt beyond a reasonable doubt." Commonwealth v. Gilbert, 423 Mass. 863, 868 (1996). "Of necessity, proof of arson must often rely on circumstantial evidence because arsonists are furtive criminals." Commonwealth v. Jacobson, 19 Mass. App. Ct. 666, 674 (1985). Here, the defendant's only claim is that the evidence was insufficient to establish that he was the person who set the car ablaze. We disagree.
In the light most favorable to the Commonwealth, the evidence placed the defendant at the scene of the fire that morning, within minutes of the police response. The defendant had a longstanding hostility toward the victim, the owner of the car. Many times, the defendant told a neighbor that he hated the victim. Eventually, the victim sought and received a harassment prevention order against the defendant. A few hours before the fire, the defendant was in search of a lighter from a neighbor and others. After the fire, when the neighbor was returning to her apartment, she encountered the defendant who told her, "I told you I was going to burn it up, and he was pointing at the car."
From all of this evidence, especially the defendant's admission of guilt, the judge could properly have concluded that the defendant was responsible for burning the victim's car. Also, because we must view the evidence in the light most favorable to the Commonwealth, we decline the defendant's invitation to discount his admission of guilt as merely a drunken remark. Commonwealth v. Latimore, supra.
Judgment affirmed.

The defendant was acquitted of violating a harassment prevention order.